UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                    Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10] AND REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT**

Before the court is Plaintiff U.S. Bank National Association's Motion to Remand ("Motion" or "Mot."). (Dkt. 10.) On August 10, 2023, Defendant Pacific Life Insurance Company ("Defendant") filed an Opposition ("Opp."). (Dkt. 17.) On September 20, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 22.) On October 23, 2023, the court took the matter under submission. (Dkt. 31.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **REMANDS** the action to Orange County Superior Court.

## I.    Background

Plaintiff initiated this action in Orange County Superior Court on June 8, 2023. (Dkt. 1-2 ("Compl.").) Plaintiff alleges it operates under the name "Securities Intermediary" and is the legal owner of the proceeds of a $20 million life insurance policy issued by Defendant on the life of Florida resident Judith Weiser. (*Id.* ¶ 1.) Plaintiff is a national banking association with its main office in Cincinnati, Ohio. (*Id.* ¶ 8.) Defendant is a life insurance company organized and existing under Nebraska law with a principal place of business in Newport Beach, California. (*Id.* ¶ 10.)

---

**CIVIL MINUTES – GENERAL**                                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                    Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

Plaintiff alleges Judith Weiser was a high net-worth individual who took out a life insurance policy on her own life and assigned the policy to a trust as part of her estate-planning strategy. (*Id.* ¶¶ 11-23.) Specifically, Ms. Weiser applied to Defendant for the policy on December 12, 2005, and named a family trust as the beneficiary of the policy. (*Id.* ¶ 14.) Defendant issued the policy with an initial face amount of $20 million. (*Id.* ¶ 15.) Defendant issued the policy from its Newport Beach, California office. (*Id.* ¶ 16.) Ms. Weiser listed her residence for the policy as Coral Gables, Florida, signed the policy application in Miami, Florida, and was still a resident of Florida when the policy was issued. (*Id.* ¶¶ 17-19.)

The policy provides that "[w]e will pay the Death Benefit Proceeds to the beneficiary within one month after we receive, at our Administrative Office, due proof of the Insured's death and proof of interest of the claimant." (*Id.* ¶ 20.) The policy also has an incontestability clause stating that Defendant "cannot contest the Death Benefit of any Coverage Segment after it has been in force during the Insured's lifetime for two years from its effective date" and that, even in the event the policy is successfully contested, Defendant "will return to you the premiums paid less any policy loans and withdrawals." (*Id.* ¶ 21.)

Plaintiff acquired the policy from the Weiser Trust on September 4, 2008, which Plaintiff held in a securities account on behalf of its customer. (*Id.* ¶ 28.) Defendant issued a title change confirmation on September 19, 2008, confirming that the new owner of the policy was Securities Intermediary. (*Id.* ¶ 29.) Plaintiff paid all premiums for the policy beginning on October 2, 2008, and continuing through 2022. (*Id.* ¶ 30.) Defendant allegedly collected more than $10.8 million in premiums and never indicated to Plaintiff that the policy was invalid or lacked insurable interest at inception. (*Id.* ¶ 32.)

Ms. Weiser passed away in Florida on October 28, 2022. (*Id.* ¶ 36.) On or about December 23, 2022, Plaintiff submitted a claim for the policy's death benefit to Defendant on behalf of the policy's beneficial owner, Plaintiff's customer. (*Id.* ¶ 37.) On January 23, 2023, rather than pay the death benefit, Defendant commenced a federal civil action in Florida seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                    Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

declaratory relief that the policy was void *ab initio* for lack of an insurable interest at inception. (*Id*. ¶ 39.)  Based on these allegations, Plaintiff asserts four causes of action against Defendant for breach of contract, bad faith breach of the covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment.  (*Id*. ¶¶ 54-93.)

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. 1.)  Plaintiff moves to remand this action to state court on the ground that the removal violates the forum-defendant rule under 28 U.S.C. § 1441(b)(2).  (*See generally* Mot.)

## II.    Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.  "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed

**CIVIL MINUTES – GENERAL**                                                                         3

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                     Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company
_____

in interest.").  A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] resid[e] with the intention to remain or to which [they] inten[d] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted).  However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation is a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996).  But where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  However, "[t]he amount-in-controversy inquiry in the removal context is not

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                          Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

## III.    Discussion

### a.  Remand Is Required Under the Forum Defendant Rule

The parties dispute whether remand is required under the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2). Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

In *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006), the Ninth Circuit explained the forum defendant rule as follows:

Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. As explained below, we hold that this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule. . . . Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                              Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court.

*Id.* at 939-40.

Accordingly, remand is required where all defendants are citizens of the forum state, a plaintiff timely moves to remand within thirty days of removal, and plaintiff does not waive this procedural defect. *See id.* at 939 ("[The forum defendant rule] confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"); *id.* at 942 ("[T]he forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30–day time limit imposed by § 1447(c).").

In this case, Plaintiff argues remand is required because Defendant—the only defendant in this matter—is a citizen of California. (*See generally* Mot.) Defendant argues the action should remain in federal court under the theory that Defendant's "snap removal"—in other words, removing the action before Defendant was actually served, skirts application of the forum defendant rule. (Opp. at 4-10.) Defendant argues the court should interpret Section 1441(b)(2) literally to mean that the forum defendant rule only applies to parties that are "properly *joined and served* as defendants" at the time of removal. *See* 28 U.S.C. § 1441(b)(2) (emphasis added). The court observes that neither party argues that Plaintiff's Motion is untimely or that Plaintiff waived asserting the forum defendant rule. (*See generally* Mot., Opp., Reply.)

The court disagrees with Defendant that its "snap removal" avoids application of the forum defendant rule. In this case, Defendant removed the action on June 9, 2023, one day after Plaintiff filed in Orange County Superior Court. (*See* Dkt. 1.) Under Defendant's proposed interpretation, its expediency in removing the case means that it avoids application of the forum-defendant rule. (*See generally* Mot.) The court observes that the weight of the case law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                           Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

in this District militates against Defendant's proposed interpretation of the forum defendant rule, in part because it promotes gamesmanship. *See, e.g., Mohammed v. Watson Pharms. Inc.*, 2009 WL 857517, at *4 (C.D. Cal. Mar. 26, 2009) ("The Court agrees with Plaintiffs that if the purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder, a literal interpretation of the 'joined and served' provision that promotes such gamesmanship by defendants through allowing removal before a plaintiff has a meaningful chance to serve any defendant both undermines the general purpose of the forum defendant rule (i.e. to keep certain cases in state court) and inappropriately prevents plaintiffs from litigating in the forum of their choice."); *Black v. Monster Beverage Corp.*, 2016 WL 81474, at *4 (C.D. Cal. Jan. 7, 2016) ("[T]the literal meaning of the words "joined and served" does not control here. A contrary ruling would incentivize sophisticated forum defendants to monitor court dockets and remove actions before any service could occur."); *Mass. Mut. Life Ins. Co. v. Mozilo*, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012) (rejecting such an interpretation of Section 1441(b)(2) because it would "eviscerate the purpose of the forum defendant rule") (citation omitted); *Khashan v. Ghasemi*, 2010 WL 1444884, at *3 (C.D. Cal. Apr. 5, 2010) (holding that "[f]ailure to comply with the forum defendant rule renders [a] removal procedurally defective" and remanding the action).

Because Defendant is a citizen of the forum state, Plaintiff has timely moved to remand, and Plaintiff has not waived this procedural defect, the court finds that remand is required under 28 U.S.C. § 1441(b)(2). Therefore, the Motion is **GRANTED** and the action is **REMANDED** to Orange County Superior Court.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01020-FWS-JDE                           Date: December 21, 2023
Title: U.S. Bank National Association v. Pacific Life Insurance Company

## IV.    Disposition

For the reasons set forth above, the Motion is **GRANTED,** and the action is **REMANDED** to Orange County Superior Court.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku